# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0360V
UNPUBLISHED

| | |
|---|---|
| JOHN MILES,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Brian L. Cinelli*, Marcus & Cinelli, LLP, Williamsville, NY, for Petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On March 30, 2020, John Miles filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a right shoulder injury related to vaccine administration (SIRVA) after an influenza ("flu") vaccination on October 23, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 14, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a right SIRVA. On December 17, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded: (1) **$130,000.00 in pain and suffering**, (2) **$1,878.10 for past unreimbursable expenses**,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and (3) **$1,116.09 for payment of an outstanding balance for health services** provided to Petitioner by Baylor Scott & White.

Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Accordingly, Pursuant to the terms stated in the attached Proffer, **I award Petitioner**

1. A lump sum payment of $131,878.10 in the form of a check payable to Petitioner; and,

2. A lump sum payment of $1,116.09 in the form of a check payable jointly to Petitioner and

>   Baylor Scott & White
>   600 North Park Street
>   Brenham, TX 77833

These amounts represent compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

>   **s/Brian H. Corcoran**
>   Brian H. Corcoran
>   Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOHN MILES,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | No. 20-360V<br>Chief Special Master Corcoran<br>SPU<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 30, 2020, John Miles ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine he received on October 23, 2017. Petition at 1. On October 14, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 31. That same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 33.

**I.**   **Items of Compensation**

    A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $130,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that the Court should award petitioner a lump sum of $1,878.10, for past unreimbursable expenses, as provided under 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

Respondent further proffers that the Court should award petitioner a lump sum of $1,116.09, for payment of an outstanding balance for health services provided to petitioner by Baylor Scott & White - The Brenham Clinic, in the form of a check payable jointly to petitioner and

> Baylor Scott & White
> 600 North Park Street
> Brenham, TX  77833
> ATTN: Patient Accounting Department

*See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees to endorse the check to Baylor Scott & White.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through the lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $131,878.10, in the

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

2

form of a check payable to petitioner; and a lump sum payment of $1,116.09, in the form of a check payable jointly to petitioner and Baylor Scott & White.

### III.     Summary of Recommended Payments Following Judgment

A. Lump sum payable to petitioner, John Miles:        $131,878.10

B. Lump sum payable jointly to petitioner, John Miles,
   and Baylor Scott & White:                          $1,116.09

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: December 17, 2021